**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROBINETTE GRAVELY SMITH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:20-cv-2559-PX |
| SUNTRUST MORTGAGE, INC./<br>SUNTRUST BANK/<br>TRUIST BANK, *et al.*, | * | |
| | * | |
| Defendants. | | |

***

**MEMORANDUM OPINION AND ORDER**

Pending in this home mortgage dispute is a motion to dismiss the Complaint filed by Defendants Truist Bank, successor by merger to SunTrust Bank, and successor in interest to SunTrust Bank's subsidiary SunTrust Mortgage, Inc. (collectively "Truist"), and William H. Rogers, Jr. ("Rogers").  ECF No. 5.  Because this Court previously dismissed the identical claims with prejudice in *Smith v. SunTrust Mortgage, Inc.*, No. PX-19-3274, ECF No. 17 (D. Md. August 4, 2020) (hereinafter "*Smith I*"), this motion to dismiss is likewise GRANTED with prejudice.

The Court has previously written a lengthy opinion dismissing Plaintiff Robinette Gravely Smith ("Smith")'s mortgage related claims and incorporates by reference the opinion and order in its entirety.  *See Smith I*, ECF Nos. 16 & 17.  Smith never appealed the Court's decision which became final on September 3, 2020.  *See* Fed. R. App. P. 4(a)(1)(A).  Instead, Smith filed a substantially identical Complaint a day after the Court issued the opinion and order in *Smith I*.  ECF Nos. 3 & 7.  As in *Smith I*, Smith alleges that the identical defendants or their privies unlawfully retained $30,000 in mortgage payments in 2017 for which she never received credit.  *See* ECF No. 3 at 2.  Also as in the first action, Smith chronicles her complaints to the

Department of Labor, Licensing and Regulation ("DLLR"), and her Chapter 13 Bankruptcy case. *Id.* at 4. Smith similarly avers that as of June 2019, she stopped sending SunTrust monthly mortgage payments. *Id.* at 10–11. However, now Smith contends that her unemployment status rendered her unable to pay her mortgage. *Id.* Smith has added a few details regarding the status of her Chapter 13 Bankruptcy and difficulties in light of the COVID-19 pandemic, but the allegations, in sum and substance, remain the same. *Compare Smith I*, ECF No. 12 *with* ECF No. 3. As Smith did the first time around, she seeks $180 million in compensatory damages and a "favorable discharge" from the SunTrust mortgage in her pending Chapter 13 bankruptcy case. *Compare Smith I*, ECF No. 12 at 11 *with* ECF No. 3 at 11–12. Smith now also asks for the "court to enforce the FBI $1,000,000 million dollar fine to all persons who conspired or had involvement in" this matter. ECF No. 3 at 12 (emphasis in original).

Defendants now move for dismissal with prejudice, arguing the claims are barred by the doctrine of *res judicata.* ECF No. 5-1. Despite the Court giving Smith ample opportunity to respond to this motion, ECF Nos. 6 & 8, the Court has received nothing from her. For the following reasons, the Court grants the motion and dismisses the Complaint for a second time *with prejudice*. ECF No. 5.

Although the Court construes Smith's well-pleaded allegations as true and most favorably to her, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the doctrine of *res judicata* bars the claims. The *res judicata* doctrine "precludes the parties or their privies from relitigating issues that were or could have been raised in the first action in that action." *Takeda Pharm. Am., Inc.,* 546 Fed. App'x 176, 178 (4th Cir. 2013) (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)). "By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, '[r]es judicata . . .

2

encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.'" *Pueschel*, 369 F.3d at 354 (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).  New claims are barred from re-litigation where there is: (1) a final judgment on the merits in a prior suit; (2) an identity of the parties or their privies; and (3) an identity of the cause of action in both the earlier and the later suit.  *Id.* at 354–55 (citation omitted).  Although *res judicata*, strictly speaking, is raised as an affirmative defense, the Court may bar new claims where they are clearly precluded from the face of the complaint.  *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

Viewing the Complaint most favorably to Smith, the new claims are barred.  First, because the Court dismissed with prejudice the claims in *Smith I*, and Smith never took any action on that decision thereafter, the dismissal is a final disposition on the merits.  *See In re Tomlin*, 105 F.3d 933, 936–37 (4th Cir. 1997) ("[D]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." (internal quotation marks omitted)).  Second, the core parties in both actions are identical to, or are in privity with, one another.  *Compare Smith I*, ECF No. 12 *with* ECF No 3.  Finally, Smith raised the identical nucleus of facts, the same alleged wrongdoing, and largely the same prayer for relief.  Any differences between the Complaint in this case and in *Smith I* are minor and not material to the *res judicata* analysis.  Because all three *res judicata* elements are clearly met, this Complaint must be dismissed with prejudice.

Accordingly, it is this 6th day of April 2021, by the United States District Court for the District of Maryland, ORDERED that:

1.   The Motion to Dismiss with prejudice filed by Defendants Truist Bank, successor by

merger to SunTrust Bank, and successor in interest to SunTrust Bank's subsidiary SunTrust Mortgage, Inc., and William H. Rogers, Jr. (ECF No, 5) is GRANTED;

2. The Clerk is directed to TRANSMIT copies of this Memorandum Opinion and Order to Defendants, to MAIL a copy of the same to Smith at her last known address, and to CLOSE this case.


April 6, 2021                                              /S/
Date                                                    Paula Xinis

4